UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ALLIED TRUST INSURANCE CO**     **CASE NO.  2:22-CV-01265**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**KIMBERLY FUSELIER**     **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the Court is a "Motion to Compel Appraisal and Appoint and Umpire" [Doc. 8] filed by plaintiff Allied Trust Insurance Company ("Allied Trust"). Allied Trust seeks to invoke the appraisal provisions of the dwelling/fire residential policy it issued to defendant [Doc. 8-4] which is at the center of this dispute arising from damages to defendant's property sustained in Hurricane Laura and Delta. Defendant opposes the motion [Doc. 10] arguing that Allied Trust failed to timely invoke appraisal regarding the claims. Allied Trust has responded to Defendant's opposition [Doc. 11] and as such, this motion is ready for ruling.

Appraisal provisions in insurance policies are generally valid and enforceable under Louisiana law. *See, e.g., Dore v. Shelter Mut. Ins. Co.*, 2013 WL 5915141 at * 3 (La. App. 1 Cir. 11/1/13); *So. Fid. Ins. Co. v. Martin*, 2014 WL 12719622 at * 2 (E.D. La. Jan. 3, 2014). Here the applicable provision states:

> **F. Appraisal**
>
> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon

> an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written repost of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.

Doc. 8-1, p. 2.

Allied Trust argues that additionally, La. R.S. 22:1311(F)92) contains the Standard Fire Policy, which is attached to every policy of fire in Louisiana. Allied Trust maintains that the policy at issue insures its property against the peril of fire and as such, the Standard Fire Policy applies in the instant matter as an operation of law.

The court notes that numerous other decisions have read this provision as applicable to non-fire losses when it is contained in a homeowner's policy. *See, e.g.*, *Melendez v. So. Fid. Mut. Ins. Co.*, 503 F.Supp.3d 504, 510 (E.D. La. 2020); *Armendariz v. So. Fid. Mut. Ins. Co.*, 2021 WL 4033319 (E.D. La. Aug. 16, 2021); *Allied Trust Ins. Co. v. Burnett*, 2021 WL 2212198 (W.D. La. Jun. 1, 2021). However, this area is unsettled and courts have acknowledged uncertainty, with some finding based on the Louisiana Supreme Court's footnote analysis in *Landry v. La. Citizens' Prop. Ins. Co.*, 983 So.2d 66, 74–76 n. 10 (La. 2008). *Church of the King of Lake Charles v. Guide One Mutual Ins. Co.*, 2021 WL 4527454 (W.D. La. Nov. 4, 2021) (citing *GeoVera Spec. Ins. Co. v. Joachin*, 2019 WL 8273471 (E.D. La. Jun. 28, 2019)).

The court need not resolve the issue of § 22:1311's applicability here. Regardless of whether the term was required to be included in the policy, any attempt to read it as binding on the court violates the prohibition on arbitration clauses because it deprives the

court and the parties of judicial review of a key area of dispute in the matter. Accordingly, the court agrees that the matter is subject to appraisal if timely invoked but holds that the result of that appraisal has no binding effect within this litigation.

As for the timeliness, when the appraisal provision does not name a specific time period, appraisal must be invoked within a "reasonable time after a dispute as to the amount of loss arises." *Marquette v. So. Fidelity Ins. Co.*, 2015 WL 13529953 (E.D. La. May 19, 2015). This time begins to run when the insurer "had sufficient information to act on the claim, either by compensating plaintiffs under the policy or disputing the claim via the appraisal process." *Nguyen v. St. Paul Travelers Ins. Co.*, 2007 WL 1672504 (E.D. La. Jun. 6, 2007). This information may take several forms, including repair estimates, settlement demands, and inventory lists. *Marquette*, 2015 WL 13529953 at *3.

Here, on August 27, 2020, Hurricane Laura caused damages to Defendant's property. Defendants promptly reported the loss to Allied Trust on August 29, 2020. Doc. 10 p. 3. On October 9, 2020. Hurricane Delta caused new and worsening damage to Defendant's property and Defendant again reported the loss to Allied Trust. *Id.*

Defendant then retained the services of a Louisiana-licensed construction company, Del Mar Builders, LLC ("Del Mar"), to repair and restore the property. On or about November 15, 2020, Del Mar inspected the losses and created estimates of damages documenting the losses. Doc. 10-1.

On August 5, 2021, Del Mar sent their line-item estimates and photos to Allied Trust, documenting a difference of greater than $200,000.00 in damages from the Hurricanes between the Del Mar estimates and the Allied Trust estimates. *Id.* On August

18, 2021, Del Mar and Allied Trust discussed the documentation, and Del Mar sent a follow-up email documenting the conversation. On September 23, 2021, Allied Trust replied by email, confirming that the difference in the estimates was greater than $200,000.00. Doc. 10-5.

Thereafter, on March 1, 2022, counsel for Allied Trust invoked appraisal, roughly seven months after receiving the line-item estimates. Defendants now argue that Allied Trust's Motion to Compel Appraisal should be denied as untimely. Defendants further assert that because appraisal is inappropriate, there is no need for the appointment of an umpire and Allied Trust's Motion for the Court to appoint an umpire is moot.

Allied Trust argues that this Court has previously ordered an insured and an insurance company to participate in the appraisal process pursuant to the insured's policy and Louisiana law however, each of the cases cited by Allied Trust is distinguishable.

In *SafePoint Ins. Co. v. Shlok, LLC*, 2:21-cv-00477, Doc. 17 (W.D. La. April 5, 2021), this Court's decision hinged on the sufficiency of the proof of loss submitted by Shlok, LLC, ruling that Shlok, LLC's earlier attempts to dispute the loss did not constitute sufficient proof of loss and that "Shlok only provided sufficient proof of loss – constituting a damage estimate and photographs – on November 16, 2020." This Court, in its opinion, also acknowledged that had the proof of loss been sufficient, Louisiana Courts have held that a period of longer than four months was too long to wait to invoke appraisal. *Nguyen v. St. Paul Travelers Ins. Co.,* 2007 WL 1672504 (E.D. La. Jun. 6, 2007).

In contrast, Defendants in the instant matter submitted a written damage estimate and photographs on August 5, 2021, which was seven months prior to Allied Trust's invocation of appraisal.

In *Saw Bones Investments LP v. SFIC*, 2:21-cv-01963, Doc. 18 (W.D. La. May 29, 2022), this Court issued a ruling based on Southern Fidelity Insurance Company asserting that it had paid claimed losses based on prior damage estimates and basing its need for appraisal based on a second engineering report, arising from a June 2021 site visit but not turned over to SFIC until a mediation on March 15, 2022. This Court found, that given the complex issues raised by the second engineering report (which was disclosed less than two months prior to the invocation of appraisal), that this report was "sufficient to start the clock on either party's right to invoke appraisal." The Court notes that these complex facts are not applicable to the instant matter.

Allied Trust argues in its reply memoranda that it received correspondence from counsel for Defendants indicating a demand for policy limits on January 30, 2022. As such, Allied Trust maintains that its demand for appraisal was timely because it was made within 30 days after receipt of the January 30, 2022, correspondence.

The Court finds that Allied Trust had actual knowledge of a dispute as to the amount of loss as soon as the estimates were submitted on August 5, 2021, and a seven-month delay is unreasonable. Application of Louisiana law indicated that a delay of approximately four months or more after obtaining knowledge of the dispute is too long, and as such Allied Trust does not have the right to demand appraisal.

- 6 -

Accordingly, **IT IS ORDERED** that the "Motion to Compel Appraisal and Appoint and Umpire" [Doc. 8] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 5th day of August, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**